## MARLAND REFINING CO. v. DUFFY.

No. 12349—Opinion Filed Nov. 27, 1923.

### 1. Damages—Measure of Damages to Automobile.

When an automobile has been damaged by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If it cannot be repaired, then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage.

### 2. Trial—Motion to Direct Verdict—Effect.

Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the motion is levelled.

### 3. Negligence—Question for Jury.

Negligence is the absence of care, according to the circumstances of each case, and is always a question for the jury when there is a reasonable doubt as to the facts. or as to the inference to be drawn from them;

i. e., where reasonable men may differ as to the existence thereof.

### 4. Same — Damages to Automobile—Defenses.

Violation of a statute forbidding the operation of unregistered automobiles on a public highway under penalty does not deprive one of a right of action for negligent injury to the machine by another person.

### 5. Same—Unregistered Car.

The general rule of law is that one who does an unlawful act is not thereby placed outside the protection of the law, but that, to have this effect, the unlawful act must have some causal connection with the injury complained of. In accord with this rule, it is held that one who sustains injuries to his person or property by the negligence of another while using an unlicensed automobile is not precluded from recovering by reason of the failure to comply with statutes in effect providing that motor vehicles shall be registered and shall not be operated on the highway unless they are registered. where the failure to register in compliance with the statute had no causal connection with the injury.

### 6. Appeal and Error—Review—Refusal of Instructions.

Where it appears that instructions tendered by attorneys and refused by the trial court were in substance and effect given by the trial court in its final instructions to the jury, the refusal to give instructions asked for does not constitute reversible error.

(Syllabus by Thompson, C.)

Error from District Court, Kay County; J. W. Bird, Judge.

Action by J. F. Duffy against Marland Refining Company for damages. Judgment for plaintiff. Defendant appeals. Affirmed.

W. K. Moore, for plaintiff in error.

Claude Duval, for defendant in error.

Opinion by THOMPSON, C. This action originated in the district court of Kay county, Okla., by J. F. Duffy, defendant in error, plaintiff below, against the Marland Refining Company, a corporation, plaintiff in error, defendant below, for recovery of damages to an automobile owned by defendant in error.

The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The petition of plaintiff alleges that he was the owner of a Velie automobile model No. 38, which he had parked on the east side of the Arcade Hotel, on First street. in Ponca City, Okla., where he was at the time re-

siding and which was the proper, usual, and customary place for parking cars; that the defendant was operating a truck in the conduct of its business on the 8th day of August, 1918, and while plaintiff's said automobile was standing motionless and unoccupied, the defendant, while running one of its auto trucks, in turning the corner into said First street at a rapid rate of speed, carelessly and negligently ran said auto truck into and against the rear end of plaintiff's automobile, thereby, without fault or negligence on part of the plaintiff, damaging the plaintiff's automobile, bending the front axle, smashing the entire rear part of the body, springing the frame of the car, entirely smashing the gasoline tank, brackets, and tire hanger, bending the rear spring and the cross spring, crushing and tearing the front and rear fender and smashing the hub cap and rear lamp to the damage of plaintiff in the sum of $940; that he was deprived of the use of the car for a period of 25 days, at the rate of $10 a day, thereby being damaged in the sum of $250; that he was in the brokerage business and lost ten days from his business to his damage at the rate of $35 a day, or a total sum of $350; and prays judgment for the total sum of $1,540, with interest from the 16th day of September, 1918, at the rate of six per cent. per annum until paid.

Defendant answered, alleging a general denial; that the plaintiff had been operating his car without complying with the laws of the state of Oklahoma in procuring a license number and had no license number displayed on his car, as required by the statute, and none had, in fact, ever been issued to the plaintiff by the Commissioner of Highways of the state of Oklahoma; that he was not a manufacturer or dealer in automobiles at the time of the accident and for the purpose of evading the expense of buying a license for said automobile was operating the same on the roads, streets, and highways of the state, under the distinctive tag or license number used by dealers in automobiles, and that he had driven the same under said dealer's license tag in excess of 3,500 miles, and that by the express violation of the laws of the state of Oklahoma the plaintiff was unlawfully upon the highways of the state of Oklahoma, where the alleged accident occurred, and thereby contributed to the injury of his said car, and that defendant owed no duty to plaintiff other than to refrain from wantonly and willfully injuring the plaintiff or his said automobile.

The answer further alleges that at the time of the accident the plaintiff had parked his automobile near the curbing on the east side of the Arcade Hotel, which is located on the southwest corner of Grand ave-

and First street, in Ponca City, Okla., east of the lot line on Grand avenue, so that said automobile was standing with the rear end on Grand avenue; that the truck of the defendant was coming from the east on Grand avenue and, under the city ordinance, was required to pass to the north and west of the center of the intersection of Grand avenue and First street; that, had the automobile of plaintiff been standing further south on First street, where it should have been, the truck of defendant would have been able to turn around the center of First street and pass on south on First street without touching the automobile of plaintiff; and pleads the above facts as contibutory negligence of plaintiff in parking his automobile; that the plaintiff had been in the habit of parking his automobile in front of the Arcade Hotel on First street for long periods of time and frequently all night, and that, on the day of the accident, he had left his automobile standing, as above stated, for several hours; that the employe, operating the truck of defendant at the time of the alleged accident, was driving the truck with due care and caution and at a slow rate of speed; that it was raining and the pavement was wet and slippery, and without fault and negligence on part of the said employe the truck hit the automobile of plaintiff in the rear near the left side, and that plaintiff's automobile would not have been hit had it not been standing on the crossing, as above stated.

Plaintiff replied by way of general denial, and the cause proceeded to trial before a jury on the 16th day of November, 1920, resulting in a verdict in favor of the plaintiff for $940.

Motion for new trial was filed and overruled; exceptions reserved and judgment entered upon the verdict for $940, from which defendant appeals to this court.

The attorney for defendant, in his brief, sets up eight assignments of error, but presents argument upon the assignment of error under three separate heads, which are as follows:

"First. That is that there was not sufficient evidence offered by the plaintiff to sustain the verdict and judgment.

"Second. That the court erred in giving Instruction No. six to the jury, over the objection of the defendant.

"Instruction No. 6. You are instructed, that if you believe from the evidence that at the time of the alleged damages to the plaintiff's automobile, the automobile was parked at a place where the plaintiff had a right to park his car, and that the driver of the defendant's truck in turning from

Grand avenue into First street, on which plaintiff's automobile was parked, saw, or by the exercise of reasonable care and caution could have seen the plaintiff's automobile in time to have stopped his truck, altered its course, or in some way avoided the accident; and if the jury further believe from the evidence that the driver of the truck did not do so, but carelessly and negligently permitted the truck which he was driving to run against the plaintiff's automobile and damage it; and if the jury further believe that the said truck driver was at the time, in the employ of the defendant, and pursuing its business, then the defendant is liable for such negligence; provided, the jury further believe from the evidence that the plaintiff was himself without fault or negligence which contributed to the injury.

"Third. Under the sixth assignment of error, that the court erred in ruling out competent and legal evidence offered by the plaintiff in error, and admitting incompetent, irrelevant and immaterial evidence on the part of the defendant in error."

And, under the rule laid down by the decisions of this court, the other assignments of error will not be considered, except as to the question of the instructions asked for, as they relate to the general subject of inquiry here.

The first complaint made by attorney for defendant is as to the sufficiency of the evidence. The plaintiff sought to recover the sum of $1,540 for damages caused to his car by the defendant's truck running into it while standing in the usual place for parking cars, in Ponca City, Okla. The evidence in the case discloses that plaintiff had bought the car about five or six weeks prior to the accident; that he had run it approximately 3,500 miles; that a new car of the same make and model was, at that time, worth $1,665 and that he was acquainted with the values of cars, having bought several cars and sold some, and that the particular car, before the accident, was worth $1,400, as the reasonable market value thereof, and that immediately after the accident the car was worth $600; that the car was in good condition before the accident and that he and two garage men examined it after the accident and found that the rear end of the body was smashed, the wood framework bursted inside, through the upholstery, the gasoline tank and tire knocked off, the front and rear fenders smashed, the front axle bent and other injuries occurring at the time of the accident; that it was knocked 20 feet, and that the car could not be put back in as good condition as it was without sending it back to the factory, and that it would take approximately $1,000 for new parts and for replacing it in as good

condition as it was before the accident, as the frame was out of line to the extent of four inches, the body ruined, and that it would take about two months' time to send it to the factory to have it repaired and returned, and that there was no factory or shop in Ponca City that had the parts and facilities necessary to repair the car; that he was five or six days without the use of a car, trying to get an adjustment with the defendant; that it was about 35 days before he could negotiate a trade for another car, and that during said time he rented a car for 25 or 26 days at the rate of $20 per day; that the time lost by him from his business was worth to him $35 per day, and that his car was standing at the usual parking place in front of the hotel, where he was rooming and boarding, and that the estimate made by himself for the cost of different items of expense in repairing the car, body, fenders, tank, brackets, hanger cap, glass, express, and labor would be $599.10, and that he found out afterwards that this estimate was too low, and that in addition to this the depreciation in the value of the car, as a result of the accident, amounted to several hundred dollars more; that Mr. Collins, agent of defendant in charge of defendant's truck that ran into plaintiff's car, immediately after the accident stated to the plaintiff that, in turning the corner at Grand avenue and First street, he either had to run into the hotel or run into the car, and he hit the car.

Richard L. Scott, witness for the plaintiff, testified that the labor, parts, painting, and express for repairing the car would amount to $768, and that there would be at least $500 depreciation, and that the worth of the car before the accident was about $1,400, and after the accident about $625, and that when the plaintiff traded the car in for a new one he was allowed $650 or $750 in its damaged condition, and A. C. Shank, another garage man, who had had 15 years of experience with automobiles, said he examined plaintiff's car after the accident, and the repairs on the same would have amounted to about $800; that that amount would put it in usable condition, but not in as good shape as new; that at the time they made the examination of the car that they made an estimate of each item of expense for repairing it, and that it would take about 30 days from the time the work started on repairing the car until it could be finished, and that on account of the accident it would have been damaged in the sum of $500 as depreciation, and there were some contradictions in his testimony on cross-examination as to these values and what condition it would be in after repair.

The witnesses for the plaintiff all agreed that the truck was being run at about 15 miles an hour, being purely an estimate.

The defendant introduced a plat showing the intersection of the streets and the position of the Arcade Hotel, near which the car was standing when struck, and introduced the superintendent of transportation of defendant company, having charge of all motor cars and trucks of defendant, who testified as to the items of damage that he saw from an outside examination of the car, and that he offered to fix it for the plaintiff at the company's expense, and that the cost of repairing the car would be from $100 to $105 for the necessary repairs; that it would take about 36 hours of labor with three or four men working on the car at 75 cents an hour each; that the freight or express would have cost $2.50 or $3, and that he had all necessary tools and appliances for the work necessary to be done and could have obtained the parts from Kansas City in 24 hours after they were ordered; that he had set and sealed a governor on the truck and that this prevented the truck from running over 12 miles an hour.

George Fencer, an employe of the defendant, testified he was riding in the defendant's truck with Dick Collins, the driver and that the truck had a governor on it, which was set at 12 miles an hour, and that the truck could not run over 12 miles an hour, corroborating the testimony of defendant's witness, Mertz, and that the truck was not going over five miles an hour, and that it hit the automobile of plaintiff and pushed the automobile out of the way, and the truck passed on down the street 15 or 20 feet, when the truck was stopped; that it was raining very hard and he, himself, had hold of the brake; that they had just turned the corner at the intersection of Grand avenue and First street and were turning into First street when they struck the car, and that the plaintiff's car was standing right at the corner "at an angle that cars are always parked along the curb."

The witnesses for plaintiff and defendant all testified that it was raining very hard at the time and that the streets were wet and slippery.

The map, showing the location of the streets, shows that at the intersection of Grand avenue and First street that Grand avenue was 67 feet and 11 inches wide between the curbs, and that First street was 55 feet and 8 inches wide, and that the defendant's truck was going west on Grand avenue and turned around to the right of a street lamp in the center of the intersection of First street and Grand avenue and turned south on First street, and that the truck had a trailer attached, the length of truck and trailer being something like 25 feet, and that plaintiff's car was struck somewhere near the walk, crossing First street and on the south line of Grand avenue. Witnesses vary as to the position of the automobile from a few feet from this walk to 15 or 20 feet south of the walk.

Counsel for defendant, in his brief, contends that upon this testimony this case should not have gone to the jury and that the same was not sufficient to sustain the verdict and judgment. In our view of this case, the evidence, as above set forth, together with all the legal inferences to be drawn from it, was sufficient upon which to submit the questions involved in this action to the decision of the jury, for the reason that the different items of damage to the car were testified to by the plaintiff and two garage men and the value of the car, before the accident, and the value of the car, after the accident, was testified to by the plaintiff and other witnesses, and we cannot agree with counsel for defendant that this evidence was not competent and was a matter of guess work of the witnesses, but find it was based upon an examination of the car to ascertain the actual damage done thereto and what parts and repairs were necessary and the value thereof, based upon the catalog prices, issued by the manufacturers of the cars and therefore does not come within the rule laid down in the case of McGuire v. Post Falls Lumber & Mfg. Co. (Idaho) 131 Pac. 656, cited by counsel, nor within the rule laid down by the Supreme Court in the case of Dushane et al. v. Benedict (U. S.) 30 L. Ed. 814, nor in conflict with these decisions. In the last mentioned case, the court only held that the court might properly decline to permit one of the defendants to testify in general terms what he estimated the amount of their damages to be; when he had not testified to the items of damage or to any facts, upon which his opinion was based, and in that case the court held that it is sometimes permissible to allow a witness to make a general estimate of the amount after he has stated not only that there is damage to his property, but in what particular such damages have arisen, leaving it to the cross-examiner to develop the assumed amount of each item.

It is therefore our opinion that it was proper for a witness, after he had made the examination and ascertained in what particulars this automobile was damaged, and after stating the amount of damage to each particular part and the value of the parts necessary to replace the damaged parts,

to make a general estimate of the amount of the total damage to plaintiff's car.

The petition alleges that the driver of defendant's truck was guilty of negligence, and this court, in the case of Rock Island Coal Mining Co. v. Davis, 44 Okla. 412, 144 Pac. 600, and the late case of Midland Valley Railroad Co. v. Grace Gibson, 94 Okla. —, 221 Pac. 100, laid down the rule as follows:

"Negligence is the absence of care, according to the circumstances of each case, and is always a question for the jury, when there is a reasonable doubt as to the facts, or as to the inference to be drawn from them; i. e., where reasonable men may differ as to the existence thereof."

The question of the amount of damages, resulting from such negligence, is equally well settled by this court, and is a question for the jury where the evidence is such as is presented in the instant case, and this court, in the case of Kelley v. Hamilton, 78 Okla. 179, 189 Pac. 535, and in a long line of other cases, has established this rule:

"Where the evidence is conflicting and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only, which is favorable to the party against whom the motion is levelled."

And based upon the facts and the law applicable to this case, we are of the opinion that there was sufficient competent evidence offered by plaintiff to sustain the verdict and judgment, and the court properly permitted the case to go to the jury.

Instruction number six, complained of by defendant in his brief and argued as a ground of error, upon examination, in our opinion, fairly states the law applicable to the facts in this case, for, in this instruction, the court charges the jury that if they believe from the evidence that plaintiff's automobile was parked at a place where plaintiff had a right to park his car and that the driver of defendant's truck saw, or by exercising reasonable care and precaution could have seen the automobile in time to have stopped his truck and altered his course or in some way have avoided the accident, and that the driver did not do so, but carelessly and negligently permitted the truck to run against the plaintiff's automobile and damage it and that the plaintiff, himself, was without fault or negligence, which contributed to the injury, that the defendant would be liable in damages for such negligence. We think that this is the law of this case and while it is true, as defendant's attorney says, that the streets were wet, yet there is absolutely no testimony that the truck skidded into plaintiff's car, or that the driver lost control of the car because of that fact, but the driver, himself, said, and it is not contradicted, that in making this turn, where he had one-half of a street, 67 feet and 11 inches wide, to turn in to enter First Street, which was 55 feet and eight inches wide, that he made the turn in such a manner that he either had to run into the car or the hotel and he chose to run into the plaintiff's car. There is no dispute that the collision occurred and defendant's own witness testified that the car was standing parked in the usual way, and there is no doubt but what the car was damaged, as testified to by the witnesses. Then the only question to be determined by the jury, it seems to this court, is, was the driver of defendant's truck negligent and from the testimony find how much damage was done to the car and the value thereof, or if plaintiff, himself, contributed in any way to the accident. All these facts were submitted fairly to the jury in the above instruction and we think fairly state the law of the case.

The ninth instruction, complained of, fairly states the law of the case and we cannot agree with counsel that the court did not submit the proper measure of damages, and that there was no evidence that the car could not be repaired and put in as good condition as it was before the accident, for the reason that the plaintiff, himself, and one of the garage men testified that it could have been put in usable condition but not in the same condition as it was before the accident, and while there are contradictory statements upon this proposition there was evidence to support this charge and it was for the jury to determine.

In the case of Weleetka Light & Water Co. v. Northrop, 42 Okla. 561, 140 Pac. 1140, this court says:

"The measure of damages for injury to personal property that can be repaired is the cost of repair and the value of its use necessarily lost pending repair."

Berry on Automobiles (2nd Ed.) sec. 547, says:

"When an automobile has been damaged by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If it cannot be repaired then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage."

And, under the circumstances of this case, the plaintiff was entitled to have his theory

of the case presented to the jury. He was entitled to have the amount necessary to repair his car, if it could be repaired, and there was sufficient evidence as to what the cost would be based upon examination of the car by himself and the garage men. He was also entitled to have the reasonable value of his time necessarily lost from his business and while there is some conflict as to the amount of time lost, that was a matter for the jury to determine from the evidence how much time he lost and what that time was worth. He was also entitled to have a verdict upon the evidence for the cost of the necessary hire of an automobile to take the place of the one that was damaged by the defendant, and, while perhaps the testimony upon these points was not as clear and convincing as it might have been, yet there was sufficient evidence to go to the jury, and, in our view of the case, it was properly presented to the jury.

Attorney for defendant complains that the plaintiff tried the case upon the theory that the car was a total loss, but the record does not sustain him on this proposition. We find from an examination of the record that the attorney for plaintiff presented his case in the court below upon two theories, as stated by him to the court at the time of the trial: First, that in the event of a total loss the measure of damages would be the value of the automobile at the time it was destroyed; second, that in the event that the jury found that the automobile was not a total loss and that it could be repaired, at a less cost than its original value, so as to restore it to its original condition and value immediately before the injury, the measure of damages would be the reasonable cost of such repairs plus the loss of time, which, in our judgment, is the proper measure of damages, and the court properly submitted the case to the jury upon both theories.

The attorney for defendant complains of the refusal of the court to give certain instructions, and upon an examination of the instructions asked for and refused, we think the first one asked for was covered by other instructions in the case. The second one was covered by the instructions in the case and the refusal was proper for the additional reason that there is no evidence that the truck skidded into the car of plaintiff. The third and fourth instructions, with regard to the plaintiff not having a registered number on his car, as required by the statute law of the state, asked the court to instruct the jury that the absence of such license tag was contributory negligence and that because of lack of said tag plaintiff could not recover.

As to the two last instructions it seems to be an unsettled question in this state, but, upon a review of the authorities upon this question, we are of the opinion that the great weight of authority and the more sensible reasoning is against this contention of defendant.

It will be borne in mind that this car was not being operated at the time of the accident, but was standing still without a driver, as testified to by the plaintiff and one of the witnesses for the defendant, and was parked in the usual way and at the usual place for parking cars, and to say that because this car was standing there in that condition without a license tag that any person could carelessly and negligently destroy this car by running into it and the plaintiff could not recover damages would do violence to every principle of right, justice, and reason.

The weight of authority establishes the rule of law that one who does an unlawful act is not thereby placed outside of the protection of the law, but that, to have this effect, the unlawful act must have some causal connection with the injury complained of, and this general rule is stated in volume 16, A. L. R. 1108, to be:

"It is a well-established rule of law that one who does an unlawful act is not thereby placed outside the protection of the laws, but that, to have this effect, the unlawful act must have some causal connection with the injury complained of. In accord with this rule it is held by the great weight of authority and the better reasoned cases, that one who sustains injuries to his person or property by the negligence of another while using or riding in an unlicensed automobile is not precluded from recovering by reason of the failure to comply with statutes in effect providing that motor vehicles shall be registered, and shall not be operated on the highway unless they are registered, where the failure to register in compliance with the statute had no causal connection with the injury."

And in support of this rule numerous cases are cited from Alabama, California, Georgia, Indiana, Iowa, Maine, Minnesota, Missouri, Rhode Island, Texas, Vermont, Virginia, Washington, and Canada. The states of Kentucky and Minnesota have also passed upon this proposition adversely to the contention of defendant.

The Supreme Court of Vermont, in the case of Gilman v. Central Vermont Railway Company, 107 Atl. 122, 16 A. L. R., 1102, declined to follow the Massachusetts rule, and held:

"Violation of a statute forbidding the operation of unregistered automobiles on a

public highway under penalty does not deprive one of a right of action for negligent injury to the machine by another person.

"Construing the statute under consideration as we do, the fact that plaintiff's automobile was not registered, as the law required, would not make him a trespasser upon the highway nor affect his relation, at the time, to the defendant. We have no occasion to consider how it would be if the plaintiff were suing a town for damages due to a defect in the highway.

"It was of no consequence to the defendant that the plaintiff's automobile was not registered. Though his conduct was unlawful, it was a remote illegal act; or, in other words, merely a condition and not a proximate cause, of the accident. The accident would have happened if the law in this respect had been fully observed."

And the Supreme Court of the state of Kentucky, in the case of Moore v. Hart, 171 Ky. 725, 188 S. W. 861, in commenting upon this principle contended for by attorney for defendant, said:

"Strange as it may seem, we are furnished with authority for this cruel and almost savage doctrine. It seems that the courts of Massachusetts give to such violations the force and effect contended for by the defendant in this case."

We refuse to follow the unreasonable rule of the Massachusetts cases cited by counsel for defendant.

There being no causal connection with the injury complained of, as the accident in the present case would have happened if the automobile of plaintiff had tags attached, it is our opinion that the court very properly refused instructions requested and refused the testimony of witnesses upon this phase of the case.

The third proposition argued by the defendant is upon the admission and rejection of evidence. Upon examination of the whole record in this case, and more particularly of the testimony complained of, we do not find that there was any error committed by the court so prejudicial to the rights of defendant in this cause as to justify this court in reversing the decision of the lower court.

The value of the car at the time, both before and after the accident, the question of whether it could be repaired or not, the cost of the repair, the question of negligence on part of the defendant in running into plaintiff on account of this accident, the value and use of the car during the time plaintiff was deprived of the use of it because of the accident, and the amounts of damage on each item were, in our judgment, properly presented to the jury, and the jury, having the witnesses before it, and after hearing the testimony, rendered its verdict in favor of the plaintiff in the sum of $940, and we think this verdict is fully supported by the evidence and the law in this case, and that the judgment of the court, pronounced upon said verdict, should not be disturbed by this court on this appeal. We are, therefore, of the opinion that the judgment of the lower court should be, and is hereby, affirmed.

By th Court: It is so ordered.