## MAGNOLIA PETROLEUM CO. v. HARRELL et al.

### Civ. No. 2817.

District Court, W. D. Oklahoma.
May 24, 1946.

W. R. Wallace, of Oklahoma City, Okl., for plaintiff.

Duke Duvall (of Dudley, Duvall & Dudley), all of Oklahoma City, Okl., for defendants.

VAUGHT, District Judge.

This cause is heard upon the motion of the defendants to strike from the plaintiff's complaint numerical paragraph VI, which reads as follows: "By the same occurrence the plaintiff sustained damages in the loss of the use of said truck in the sum of $5,315.19, the value of the use of said truck from the date of the accident, to-wit: March 2, 1945, until it became possible to secure the use of another truck in lieu and instead of the demolished truck, which was secured on November 8, 1945."

The allegations of the complaint disclose that the plaintiff claims damages for the negligent destruction of a truck, used for commercial purposes, suffered at the hands of the defendants. The plaintiff sues for the sum of $1,749.12 representing the full value of the truck which it alleges was a total loss. It also sues for the sum of $5,315.19, three times the total value of the truck destroyed, for the loss of the use of the truck which apparently represents the rental of another truck during the period after the collision in which it was un

able in the market to procure a new truck to take the place of the one destroyed.

■ The alleged acts of negligence causing the collision in which the truck was destroyed having occurred in the State of Oklahoma, the measure of damages is determined by the statutes and decisions of the highest court of that state.

Title 23 Okl.Stat.Ann. § 61 provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate for all detriment *proximately caused thereby*, whether it could have been anticipated or not." (Emphasis supplied.)

The question that arises here is whether or not when there is a complete destruction of personal property, the recovery for the negligent destruction shall be limited to the value of the property so destroyed. The authorities are not in harmony on the subject. In the earlier decisions the courts quite generally adhered to the rule that where there was complete destruction, the recovery could not exceed the value of the property.

In Monroe v. Lattin, 25 Kan. 351, (Reprint p. 243) it was held: "An instruction that the damage to the buggy and harness would be the difference in the value of the property before the injury and after the repairs, with the reasonable cost of the repairs, and value of use during repairs, *provided the damages did not exceed the value of the property*, lays down a fair mode of measuring the damages. So, also, the difference in the value of a horse, injured by the negligence of another, before and after reasonable treatment for such injury, with the expense of the treatment and attendance, and value of the use of the animal during the treatment, *all not to exceed the value of the animal*, furnish one rule for assessment of the damages sustained by the injury." (Emphasis supplied.)

Counsel for plaintiff cites and largely relies upon the case of Louisville & Interurban Railroad Company v. Schuester, 183 Ky. 504, 209 S.W. 542, 4 A.L.R. 1344, in which it was held (quoting from the head-

note): "The damages for wrongful destruction of a truck belonging to one who is operating it daily over a scheduled route, as a common carrier, will include the rental value of the use of a truck to take its place in the business until a new one can be procured."

In this case the Supreme Court of Kentucky departed from the rule theretofore adhered to by that court and overruled those cases holding to the contrary.

In German v. Centaur Lime Company, 295 S.W. 475, the Court of Appeals of Missouri adhered to the original rule and held under a similar state of facts exactly contrary to the rule laid down in Kentucky, as follows: "Where evidence to show complete destruction of plaintiff's automobile by collision as alleged in the petition was sufficient to take the case to the jury on that theory, and evidence as to the sum paid by plaintiff for use of another automobile was introduced and plaintiff offered no instructions, refusal to give defendant's instruction that, if the jury found that the automobile had been completely demolished, *then plaintiff could recover nothing for loss of use thereof nor anything on account of rental* which plaintiff claimed to have paid for the use of another automobile, held error." (Emphasis supplied.)

And in the body of the opinion, the court said:

"Plaintiff's petition alleges and seeks to recover damages for the complete destruction of his automobile, and seeks in addition to recover the reasonable value of a substitute car for the period of time that he had to wait to obtain the delivery of a new car.

"Viewing the testimony of the entire case in the light most favorable to plaintiff, and allowing him all reasonable and proper inferences to be drawn therefrom, and ruling that same was sufficient to take plaintiff's case to the jury upon the theory of the case as pleaded in his petition, namely, that there was in fact a complete destruction of his coupé, the instruction in question requested by the defendant should have been given, for, *where plaintiff recovers for the full value of the auto-*

*mobile as for a complete destruction, he cannot also recover the value of the use thereof.* Babbitt, Motor Vehicles (3d Ed.) § 2319; Barry, Automobiles (5th Ed.) § 1126, p. 833; Huddy, Automobiles (8th Ed.) § 876, p. 1037; Blashfield Cyclopedia of Automobile Law, vol. 2, c. 73, § 4, p. 2011; Sherman & Redfield on Negligence (5th Ed.) § 751; Barnes v. United Rys. & Elec. Co., 140 Md. 14, 116 A. 855; Crossen v. [Chicago & Joliet] Elec. Ry. Co., 158 Ill.App. 42." (Emphasis ours.)

The Supreme Court of Oklahoma has consistently held to the doctrine that where there has been complete destruction of personal property of one party on account of the negligence of another, recovery is limited to the value of the property.

In Marland Refining Company v. Duffy, 94 Okl. 16, 220 P. 846, 35 A.L.R. 52, the rule in Oklahoma was laid down as follows: "When an automobile has been damaged by the negligence of another and *can be repaired,* the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. *If it cannot be repaired,* then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage." (Emphasis supplied.)

In Missouri Pac. R. Company v. Qualls, 120 Okl. 49, 250 P. 774, the court held: "The rule that damages for injury to personal property that can be repaired is the cost of repairing and the value of its use pending repair is limited to the cost of such reasonable repairs *as would not exceed the value of the property before the injury,* since under section 5996, C.O.S. 1921, the measure of damages for breach of an obligation not arising from contract is compensation for the detriment." (Emphasis supplied.)

The rule as laid down in Marland Refining Company v. Duffy, supra, was again followed in Chambers v. Cunningham, 153 Okl. 129, 5 P.2d 378, 78 A.L.R. 905, and Carnes v. Ditzenberger, 163 Okl. 146, 21 P.2d 756, and so far as I have been able to determine is the settled rule governing the measure of damages in the state of Oklahoma, where there has been a complete destruction of personal property.

There is still a more cogent reason in support of the motion to strike, which is suggested by the brief of counsel for the plaintiff. That is that the injury for which it seeks to recover the sum of $5,315.19 from March 2, 1945 to November 8, 1945, for the loss of the use of the truck, was not the proximate result of the negligence of the defendants. The statute provides "the measure of damages * * * is the amount which will compensate for all detriment *proximately caused thereby."* The long period of time for which plaintiff seeks to recover for loss of the value of the use of its truck was brought about by war conditions, limitation of production, scarcity of motor vehicles, et cetera, of which the court will take judicial notice, and there was no causal connection in any manner between the acts of negligence and the injury alleged, by delay in ability to purchase a new truck.

"Proximate cause" has been generally defined as "that cause which in a natural sequence *unbroken by a new and intervening cause* produces the event, and without which the event would not have occurred." Measured by this definition, which is sustained by the great weight of authority, including the decisions of Oklahoma, I am satisfied the injury thus sustained by the plaintiff was not "proximately caused" by the negligence of the defendants as pleaded, and damages for such injury could not be recovered. To hold otherwise would open an avenue of speculation which would not only be unjust but might be outrageous in its results.

The motion to strike should be sustained. A proper form of order should be submitted within five days of this date.