**GRIFFIN GROCERY COMPANY,**
Plaintiff in Error,

v.

**Ralph L. LOGAN, Defendant in Error.**

No. 37248.

Supreme Court of Oklahoma.

Feb. 19, 1957.

Rehearing Denied March 19, 1957.

Second Petition for Rehearing Denied
April 16, 1957.

A. Camp Bonds, Muskogee, for plaintiff in error.

Luttrell & Luttrell, Norman Bell & Tucker, McAlester, for defendant in error.

CARLILE, Justice.

Ralph L. Logan instituted this action on July 25, 1955 against the Griffin Grocery Company, a corporation, to recover damages for bodily injuries, permanent disability, pain, disfigurement and hospital and medical expenses alleged to have been suffered and incurred when a loaded truck owned by the defendant and driven by its agent ran into and collided with the rear of a road sweeping machine on which the plaintiff was standing and operating, alleging that the impact of the collision broke the drawbar between the sweeping machine and the tractor towing the same and that plaintiff was thrown from the machine onto the road and was severely, painfully and permanently injured; that the collision was caused solely by the negligence of the defendant and its employee.

The record shows that at the time of the accident plaintiff was working for Smith Brothers, a co-partnership, road contractors, and was operating the road sweeping machine preparatory to oiling a portion of the highway in Pittsburg County. The defendant answered, admitting that it was a corporation and that at the time of the accident its employee was operating its truck while engaged in the business of the defendant, and generally denied the other allegations of plaintiff's petition, and specifically alleged that plaintiff's injuries were due to or contributed to by his own negligence and want of care, and also alleged that the accident was unavoidable.

The defendant amended its answer by further alleging that plaintiff, as additional acts of contributory negligence, violated State Statute Title 47, Sec. 148, sub-sections (a), (b) and (o); that plaintiff, in operating the sweeper at a slow rate of speed, occupying the full lane of traffic on the right side of the road, created a volume of dust which made it impossible to see said vehicle, and was maintaining and operating a dangerous instrumentality, and by reason of the inadequate light and the darkening caused by said dust plaintiff was negligent in not providing some means of warning to oncoming traffic, either by a light that could be seen 500 feet, as provided by law, or watchmen along said highway, and failed to protect himself by the use of ordinary care, and alleged that the proximate cause of the accident were the acts of negligence of Smith Brothers, their agents and employees, including the plaintiff; that Smith Brothers failed to perform their duty to the public in maintaining the highway and operating their equipment.

The defendant further alleged that the plaintiff accepted benefits, including compensation, doctor and hospital bills paid by the insurance carrier of Smith Brothers, and that the receipt of such benefits bars plaintiff from a recovery against defendant.

Such allegation as to receiving benefits under the Workmen's Compensation Act was, on motion of the plaintiff, stricken from the answer.

A trial of the issues was had, resulting in a verdict and judgment in favor of the plaintiff for the sum of $48,732.29. Motion for a new trial was overruled and the defendant appealed. The parties will be referred to the same as they were in the trial court.

■ The defendant lists eleven assignments of error in its petition in error, but presents argument and authorities in its brief only on the following propositions:

"1. The Court erred in failing to give defendant's requested instructions 1 to 16 inclusive.

"2. The Court erred in excluding certain testimony on behalf of the defendant with reference to Workmen's Compensation Act."

The defendant's fifth assignment of error reads:

"Said Court erred in refusing to give instructions requested by the plaintiff in error, to-wit, Instructions Nos. 1 to 16, inclusive."

This court has previously announced and applied the rule stated in Grand Distributing Co. v. Adams, 206 Okl. 451, 244 P.2d 571, 576, as follows:

" 'Where several instructions are presented and refused, it is not sufficient to present the refusal of all the requested instructions in a single assignment of error, for the purpose of having all such requested instructions reviewed. "If any one of such requested instructions is wrong, no error is presented." ' "

■ An examination of defendant's requested instructions shows that they were properly refused, either because erroneous or the issue to which they referred was presented under other instructions given by the court. No error is shown in the rejection of defendant's requested instruction No. 1, which advised the jury that if

they found, by a preponderance of the evidence, that the accident occurred because of the failure of Smith Brothers to furnish plaintiff with a reasonably safe place to work and safe tools with which to work, then they must bring in a verdict for defendant. 'Negligence on the part of the employer would not entitle the defendant to a verdict in its favor unless it was found by the jury that such negligence was the proximate cause of the accident and of plaintiff's injuries, if any. The instruction should have so stated.

Instruction No. 11, given by the court, advised the jury that the defendant pled that the accident was caused by the negligence of Smith Brothers, and instructed the jury that if they found and believed from the evidence that the alleged accident, and the damages to plaintiff, were caused solely by the negligence of Smith Brothers their verdict should be for defendant.

Instruction No. 13, given by the court, also advised the jury that Smith Brothers was not a party to the action, and that if the jury should find that the negligence of Smith Brothers was the sole cause of the accident that judgment could not be rendered against them, and neither could judgment be rendered in favor of the plaintiff against defendant.

Defendant's requested instruction No. 11, in effect, instructed that if the jury found that by reason of reduced visibility caused by dust in the air arising from the operation of the road sweeper, and that plaintiff, by the use of ordinary care or by statutory requirement, should have had lights burning on the sweeper or that a man of ordinary care would have placed a flagman along the highway to warn the oncoming traffic, and that neither of the precautionary acts were performed by plaintiff, or if he failed to use ordinary care for his own safety, then he could not recover under the grounds of contributory negligence and the verdict must be for defendant. We consider the instruction erroneous, because in effect it instructed that failure to do or perform certain acts constituted contribu-

tory negligence. The opinion in Flanagan v. Oklahoma Ry. Co., 201 Okl. 362, 206 P.2d 190, 192, states:

"We have many times held that an instruction that if a certain state of facts is found to exist such facts constitute contributory negligence was erroneous and constituted reversible error."

Defendant's requested instructions numbered 3, 4, 6, 7, 15 and 16 relate to plaintiff's alleged negligence or contributory negligence. The question of negligence, or contributory negligence, on the part of plaintiff was properly submitted to the jury under instructions 4 and 7, given by the court, and we find no error in the rejection of defendant's requested instructions.

"Where it appears that instructions tendered by attorneys and refused by the trial court were in substance and effect given by the trial court in its final instructions to the jury, the refusal to give instructions asked for does not constitute reversible error." Marland Refining Co. v. Duffy, 94 Okl. 16, 220 P. 846, 847, 35 A.L.R. 52.

Defendant's requested instructions numbered 5, 8, 12 and 14 were to the effect that if the jury found that the proximate cause of the accident was due to the negligence of Smith Brothers, its servants and employees, including plaintiff, then their verdict should be for the defendant. The substance of such requested instructions was given and submitted by the court under its instructions No. 11 and 13, which we have previously referred to herein.

Defendant's requested instructions 2, 9 and 13 refer to Title 47, Sec. 148, subsections (a), (b) and (o), O.S.1951, and charged in substance that if plaintiff failed to comply therewith and as a result the accident occurred, then the verdict must be for defendant. Sub-section (a) makes it a misdemeanor for a person to drive or move on the highway any vehicle or combination of vehicles which is not equipped with such lamps and other equipment as is required under the statute, and the last paragraph provides:

"The provisions of this Section with respect to equipment on vehicles shall not apply to implements of husbandry, road machinery, roadrollers, or farm tractors except as herein made applicable."

Sub-section (b) provides in part that every vehicle on the highway at any time from a half hour after sunset, to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible, persons and vehicles on the highway at a distance of five hundred feet ahead, shall display lighted lamps and illuminating devices as required for different classes of vehicles. Sub-section (o) provides in substance that all vehicles, except animal drawn vehicles and including those referred to in the last sentence of paragraph (a) not before specifically required to be equipped with lamps, or reflectors, shall at the times referred to in sub-section (b) be equipped with at least one lighted lamp or lantern exhibiting a white light visible from a distance of five hundred feet to the front of such vehicle and with a lamp or lantern exhibiting a red light visible from a distance of five hundred feet to the rear.

No decision is cited construing or applying the statute referred to, and we find none. It will be observed from the last paragraph of sub-section (a) that the provisions of the section with respect to equipment on vehicles shall not apply to implements of husbandry, road machinery, roadrollers or farm tractors, except as therein made applicable. Also sub-section (o) excepts from its terms animal drawn vehicles and those referred to in the last sentence of sub-section (a), to which we have just referred above.

The record shows that the road sweeper, identified as a rotary broom or brush, which the plaintiff was operating at the time of the accident, was equipped with a motor used to start and drive the brush, regulate

its speed and raise and lower the same, with a place for the operator to stand behind the motor. A witness in describing the machine said: "It don't pull itself, and you have to pull it by a tractor." The sweeper and tractor were being used in the repair and improvement of the highway.

We find and conclude from the statute and the facts shown that the road sweeper or brush and tractor were "road machinery" within the meaning, language and exception of the statute, and that the statute excepted and did not apply to the same; that the plain and ordinary meaning of the words "road machinery" applies to the road sweeper or broom and tractor, and that no error is shown in the rejection of the requested instructions.

We doubt if that part of the statute, sub-section (b), which reads:

"* * * and at any other time when there is not sufficient light to render clearly discernible, persons and vehicles on the highway at a distance of five hundred feet (500') ahead * * *,"

applies to the situation or condition where visibility on the highway is reduced below five hundred feet because of dust which arises from the operation of a road sweeper on the highway. However, in view of our preceding statement that the statute excepted the road sweeper and tractor, it is unnecessary to further consider the statute and the rejected instruction based thereon. We find no error in the rejection and failure of the court to give the instructions requested by the defendant.

The defendant calls attention to the case of Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, which announces the established rule that it is the duty of the trial court, upon its own motion to properly instruct upon the fundamental issues formed by the pleadings and evidence. We have examined and considered the instructions given, and do not find them inadequate as urged by defendant. On the contrary, we find the instructions sufficient to properly instruct the jury upon the fundamental issues presented and involved in the action. No objection was made to any of the instructions given.

The defendant presents as its second proposition the following:

"The court erred in excluding certain testimony offered on behalf of the defendant with reference to Workmen's Compensation Act."

The record shows that the plaintiff, Logan, was at the time of his injury, an employee under the Workmen's Compensation Act and was paid and received benefits under the Act by payments received from the insurance carrier of his employer. It is also shown that he filed with the Industrial Commission his election to pursue his remedy against a third party, as authorized by Title 85, Sec. 44, O.S.1951.

During the trial of the case, a doctor was testifying concerning bills submitted for nursing services rendered the plaintiff, and on cross-examination the following transpired:

"Q. Have these nurses bills been paid, doctor? A. The nurses' bills?

"Q. Yes. A. I can't say, but I believe they have.

"Q. Has your bill been paid? A. Yes.

"Q. Did the plaintiff pay it?

"Mr. Luttrell: We object to that as incompetent, irrelevant and immaterial.

"Court: The objection is sustained. Any objection to these exhibits?"

In the further course of the trial counsel for the defendant offered to prove that plaintiff had been paid temporary total disability at all times since the date of the accident, and that his hospital and doctor bills had been paid by the insurance carrier of his employer under the Workmen's Compensation Act, and that by reason thereof plaintiff could not now bring the present action.

Objection was made to the offer of proof and the objection sustained.

 It is apparent from the record that the purpose of defendant in asking the question if plaintiff paid the doctor bill and the further offer of proof that plaintiff had received benefits under the Workmen's Compensation Act was to establish defendant's theory and contention that plaintiff could not maintain the action against defendant since he had received compensation under the Workmen's Compensation Act. Such theory and purpose is without merit, and is contrary to the holding in the case of Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P. 2d 475, which holds:

"85 O.S.1951 § 44, applies only to the injured workman, his employer and insurance carrier; it does not affect the liability of a negligent third party and furnishes no defense to a common-law action based upon negligence against such third party by a workman injured in the course of his employment and covered by the Workmen's Compensation Act."

The opinion cites with approval a Kansas decision Lehman v. Grace Oil Co., 151 Kan. 145, 98 P.2d 430 and states with respect thereto:

"The crux of the decision is that the fact the employee had received compensation from his employer is not a defense to the action for damages arising in tort, nor can that fact be shown by defendant upon the trial of the action for damages arising out of the negligence of the third party."

The fact that the jury, in the present case, inquired of the court if any insurance company was going to pay the doctor bill did not change or alter the rule, and the trial judge properly informed the jury that they had no right to make such inquiry and that he had no right to tell them. We see no error or prejudice to the defendant in sustaining an objection to its inquiry, if plaintiff paid the doctor bill, and in denying defendant's proffered evidence showing plaintiff had accepted benefits under the Workmen's Compensation Act.

Judgment of the district court is affirmed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, and JACKSON, JJ., concur.