## CARTHAGE TRANSFER & STORAGE CO. v. PAULZER.

No. 13851—Opinion Filed May 19, 1925.

**Damages—Measure of Damages—Injury to Motor Car.**

The measure of damages for an injury to a motor car that can be repaired and can be placed in as good condition as prior to the accident, is the cost of repairs and the value of its use pending repairs.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by A. E. Paulzer against Carthage Transfer & Storage Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

James S. Davenport, for plaintiff in error.

Patten & Rye, for defendant in error.

Opinion by LYONS, C. Parties will be referred to as they appeared in the trial court. Plaintiff had judgment against defendant for $500, damages growing out of an automobile collision. Plaintiff's car was repaired.

The court instructed the jury that the measure of damages was:

"The difference between the reasonable cash market value of plaintiff's car immediately before and at the time of the collision, and the reasonable cash market value of said car after same had been repaired, less the reasonable cost of such repairs, and the reasonable value of the use of the car, if any, while the plaintiff was having the car repaired."

Said instruction was erroneous. The measure of damages for injury to personal property that can be repaired is the cost of repair and the value of its use necessarily lost pending repair. Weleetka Light & Power Co. v. Northrop, 42 Okla. 561, 140 Pac. 1140; Marland Refining Co. v. Duffy, 94 Okla. 16, 220 Pac. 846; St. Louis & San Francisco Ry. Co. v, Robinson, 99 Okla. 2, 225 Pac. 986.

The measure in many jurisdictions is the difference between the value at the place immediately before and immediately after the injury, but not in this jurisdiction. 17 C. J. 877.

On page 87 of the case-made the following appears:

"By the Court: Are there any exceptions to the instructions on the part of the defendant?

"Mr. Davenport: The defendant wants to except, if your honor please, to instructions Nos. 5, 6, 10 and 4.

"The Court: Any exceptions on the part of the plaintiff?

"Mr. Rye: No, sir. I think the instructions are fair."

It appears therefore that the instruction of the court was erroneous on the important question of the measure of damages. This error was substantial and prejudicial, and inasmuch as the defendant saved an exception to the same, a new trial should be granted.

The judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 877; anno. 4 A. L. R. 1350; 32 A. L. R. 706; 8 R. C. L. 490.