## MISSOURI PACIFIC R. R. CO. v. QUALLS.

No. 15328—Opinion Filed Nov. 17, 1925.

Rehearing Denied Nov. 9, 1926.

**1. Damages—Injuries to Personal Property — Measure Where Property Can be Repaired.**

The rule that damages for injury to personal property that can be repaired is the cost of repairing and the value of its use pending repair, is limited to the cost of such reasonable repairs as would not exceed the value of the property before the injury, since under section 5996, C. O. S. 1921, the measure of damages for breach of an obligation not arising from contract is compensation for the detriment.

**2. Same—Measure of Damages Where Only Salvage Value.**

Where the injured property is neither totally destroyed nor capable of being repaired, but has a salvage value after such injury, which salvage value is greater than the cost of removing and saving it, the measure of damage is the difference between its value at the place immediately before and immediately after the injury, together with interest.

**3. Same — Damages Exceeding Original Value not Allowable.**

While it is the function of the jury to estimate the amount necessary to compensate the owner of property wrongfully injured by another, yet when the amount awarded is large, it must at least be made to appear that it is less than the value of the property before it was injured.

**4. Same—Recovery — Payment for Repairs not Condition Precedent.**

In an action for damages to an automobile, it is not a condition precedent to recover for items of damage for repairs that plaintiff should have actually expended the sums of incurred liability therefor; the rule for payment for physicians' services in personal injury cases not being applicable.

**5. Same—Recovery for Damages to Automobile Reversed.**

Plaintiff pleaded and proved that his automobile had only a salvage value after the injury, the measure of damage being under syllabus 2 above. The cause was tried by plaintiff, and the court instructed, on the theory of syllabus 1, supra; held, the verdict and judgment based thereon are not supported by the evidence, and the cause is reversed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by J. F. Qualls against the Missouri Pacific R. R. Company. Judgment for plaintiff, and defendant appeals. Reversed.

Thomas B. Pryor and W. L. Curtis, for plaintiff in error.

Robson & Bayless, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Qualls had judgment against the railroad company for $500 for damages to his automobile, incurred at the railroad crossing and based on

the negligence of defendant. Plaintiff alleged that the accident "almost completely demolished it." He did not in fact repair this car, but introduced evidence tending to show what the cost of new parts would be and the cost of labor for such repairs, and also the usable value pending the repair. The witness, by whom plaintiff proved the cost of such repairs, is the one to whom plaintiff sold the car, without being repaired. The witness testified:

"He tried to get me to fix the car, and then after it cost this price, he sold me the car. Q. And you dissembled it? A. I tore it down, yes, sir."

It thus appears that this car was salvaged or sold for salvage by plaintiff, the selling price not being disclosed by the record. The court instructed the jury, in substance, that the measure of plaintiff's damages was the cost of the parts and the labor for repairing the car and the loss of the use thereof pending such repair, if the car was susceptible of repair. Defendant objected to said evidence and instruction, and otherwise saved the record, on the ground that such measure of damage was erroneous, contending that if plaintiff was entitled to recover, his measure was the difference between the value of the car—a Haynes, three or four years old —just prior to and immediately after such accident.

1. Section 5996, C. O. S. 1921, provides:

"For the breach of an obligation not arising from contract, the measure of damages * * * is the amount which will compensate for all detriment proximately caused thereby."

In no event, under said statute, is th plaintiff entitled to more than compensation for the detriment. In order to apply the principle of compensation under said statute to varying states of fact, the courts have devised different measures of damage. The measure of damage for the total loss or destruction of personal property is, as a general rule, its reasonable value at the time of the loss. Mitchell v. Wadsworth. 78 Okla. 125, 188 Pac. 1078. It is evident that, in such case, the value of the property immediately before and immediately after the injury must necessarily be the actual value of the property destroyed, since there would be no salvage involved. The measure of damages for injury to personal property that can be repaired, is the cost of repair and the value of its use pending repair. Weleetka Light & Power Co. v. Northup, 42 Okla. 561. 140 Pac. 1140; Marland Refining Co. v. Duffey, 94 Okla. 16, 220 Pac. 846; St.

L. & S. F. R. R. Co. v. Robinson, 99 Okla. 2, 225 Pac. 986; Carthage Transfer & Storage Co. v. Paulzer, 110 Okla. 125, 236 Pac. 410. Under the rule last stated, the words "that can be repaired" must necessarily be limited, under said statutory rule of compensation, to such reasonable repairs as would not exceed the value of the car before the injury. It necessarily follows that if the cost of repairs of the car in controversy was more than the reasonable market value of the car before the injury, that plaintiff was not entitled to recover for such repairs.

2. There is another measure of damages recognized by this court applicable to those injuries where the property is neither totally destroyed nor capable of being repaired —cases where the property, after injury, has a salvage value. In C., R. I. & P. R. R. Co. v. Quigley, 57 Okla. 260, 156 Pac. 669, it is held:

"Ordinarily, the measure of damages for the destruction of a building by fire arising from negligence, is the actual cash value of the building at the time of the loss, but, if such destruction be not total, or if there be salvage recovered from the building greater in value than the cost of removing and saving it, the value of such salvage must be deducted from the entire cash value of the building in ascertaining the damages for which the tort-feasor is liable."

As stated in 6 Thomp. on Neg. 294, sec. 242, quoting with approval from a Maine case:

"If the article is only partially destroyed and the plaintiff retains it, the amount which he is entitled to recover is the difference between the value of the article before it was injured and its value in its injured condition. To this amount may be added a sum equal to interest from the time of the injury to the time of rendering the verdict."

In 17 C. J. 877, this general rule is stated:

"The measure of damages for injury to personal property which has not been entirely destroyed, is the difference between its value at the place immediately before and immediately after the injury."

Many authorities are cited thereto. Plaintiff's allegation that his car was almost completely demolished, and the fact that plaintiff, on learning the cost of repairs, refused to repair same, but sold it for salvage, shows that plaintiff did not bring himself within the rule of the Weleetka Light & Power Company Case, supra. To rebuild a car, almost completely demolished, of new parts, would, perhaps, cost more than the reason-

able market value· of the car prior to injury.

3. In Ft. Worth & R. G. Ry. Co. v. Coker (Tex. Civ. App.) 142 S. W. 648, it is laid down, that while it is proper for the jury to estimate the amount necessary to compensate for the injury, "yet, when the amount is large, it must at least be made to appear that it is less than the value of the property before it was injured; it not being claimed that the property was rendered worthless."

4, 5. Accordingly, we hold in the case at bar that the verdict for $500 is not sustained by the evidence. To make out a prima facie case, plaintiff should bring himself, by his allegation and proof, within the recognized measure of damage that is applicable to the facts. We do not base the holding that the Weleetka Light & Power Company Case is not applicable on the contention of defendant that plaintiff did not repair, but sold his car. Such contention of defendant means that, if plaintiff's automobile had been totally destroyed, he could not maintain an action for damages therefor unless he had first bought a new machine. In such action, it is not a condition precedent to recovery for items of damage for repairs, that plaintiff should actually have expended the sums in replacing or repairing the damaged parts. The rule·in cases of personal injury, that services rendered by physicians in attending the injured one cannot be recovered for unless the bills have been paid or a liability incurred therefor, is not applicable in an action to recover damages to personal property. In the one case, the damages are special and can only arise out of the fact that the expense has been paid or incurred and constitutes a liability against the plaintiff, whereas in the other, the action is for general damages. Kincaid v. Dunn et al. (Cal. App.) 148 Pac. 235.

It is unnecessary to consider other alleged errors. Let the judgment be reversed, and the cause remanded for new trial in accordance with the views herein expressed.

By the Court: It is so ordered.