## FORREST E. GILMORE CO. v. HURRY.

No. 21414.  June 27, 1933.

Rehearing Denied Sept. 12, 1933.

Fogg & Melone, C. A. Steele, and W. A. Daugherty, for plaintiff in error.

A. G. Morrison & Sons, for defendant in error.

BAYLESS, J. J. E. Hurry, as plaintiff, instituted an action in the district court of Canadian county, Okla., against Forrest E. Gilmore Company, Cushing Refining Company, and Edgar Stephenson, defendants, to recover damages for injuries to the person and automobile of the plaintiff. The trial resulted in a judgment in favor of the plaintiff and against the defendant Forrest E. Gilmore Company for $1,000, the plaintiff having theretofore dismissed as to the other defendants. This appeal results from said judgment, and the parties will be referred to herein as they appeared in the trial court.

The defendant presents three assignments of error, to wit: (1) Damages awarded are excessive; (2) the court erred in refusing to give certain instructions requested by the defendant; and (3) the court erred in giving instruction No. 10, concerning permanent injuries.

An examination of the record in this case has caused us to conclude to reverse the judgment of the trial court upon the portion of the first assignment of error as to excessive damages and the third assignment of error concerning the element of permanent injuries entering into the damages. The portion of the assignments of error which have to do with the damages awarded for injuries to the car will not be considered. The requested instruction of the defendant and the portion of the instruction given by the court touching upon this point do not conform to the rule which we have heretofore announced in Marland Refining Co. v. Duffy, 94 Okla. 16, 220 P. 846, and Carthage Transfer & Storage Co. v. Paulzer, 110 Okla. 125, 236 P. 410. However, as this case must be sent back for further trial, we will presume that the trial court will conform to the rules which we have laid down in the cases hereinbefore referred to.

We next consider the portion of instruction No. 10 which sets forth the elements of damages to be considered in arriving at a verdict in reference to the injuries to the person of the plaintiff. Two doctors testified for the plaintiff, as to the nature and kind of injuries he suffered, but only one of them was asked to express an opinion as to whether such injuries were temporary or permanent. The only injury to the person which was in any manner considered more than temporary was the injury to the knee. The substance of the doctor's testimony as to how long this knee would be affected by the injury is: He did not know; he could only guess or speculate; it might

last for years, depending upon the kind of work he was doing, or it might not last so long. In our case the court instructed the jury in part as follows:

"You should take into consideration the nature and extent of his injuries, if any, as to whether or not they be temporary or permanent."

The testimony on this point is almost identical with that of the doctors who testified in the case of Jones v. Sechtem, 131 Okla. 155, 268 P. 201, and the instruction complained of similar to the one given in that case. In that case the trial court instructed the jury as follows:

"* * * and in determining the amount of her recovery, if any, you may take into consideration the nature and character of the alleged physical injuries sustained by her; whether the same are temporary or permanent in their character * * *"

—and we said:

"* * * The trial court is not warranted in submitting the question of the permanency of the injury to the jury as an element of damage, where there has been produced no affirmative evidence by expert witnesses reasonably tending to show that such injury will be permanent"

—and reversed the judgment in favor of the plaintiff.

The plaintiff cites and relies upon the cases of Potts v. Zollinger, 79 Okla. 262, 192 P. 1099, and Okla. Union Ry. Co. v. Lynch, 115 Okla. 146, 242 P. 176, announcing this rule:

"Where there is no evidence of permanent injury, and the court instructs the jury that they may take into consideration such injury, and the verdict returned is not excessive, and defendant failed to ask for a correct instruction, he cannot complain on appeal and the error will be considered as harmless."

We have considered each of those cases, and find that the reason we held that the error was harmless is that no complaint was made, by assignment of error, that the verdicts in those cases were excessive. An instruction to a jury that it may take into consideration whether an injury is temporary or permanent, where there is no proof of the injury being permanent, can prejudice the losing party in only one manner, i. e., an excessive verdict. No point is to be gained by merely pointing out the error for error's sake; it must, in some manner, to the knowledge and contention of the loser, prejudice him. In each of those cases the instruction probably was just as

erroneous as in this case, but no complaint was made that such error increased the size of the verdict. Such is not so in our case. The defendant has made its record upon the error in the instruction, and alleges that it is manifested by the verdict.

From an examination of the cases above cited, we conclude that the points raised and considered in this case are almost identical with the points raised and considered in the case of Jones v. Sechtem, supra, and since that case has been decided after the cases of Potts v. Zollinger, supra, and Oklahoma Union Ry. Co. v. Lynch, supra, and, inasmuch as we have distinguished the case of Jones v. Sechtem, supra, from the other two cases, we feel that the rule in Jones v. Sechtem, supra, is binding upon us in this case.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings in keeping with the views expressed herein.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., concur. McNEILL, OSBORN, and BUSBY, JJ., dissent. WELCH, J., absent.