**REPUBLIC UNDERWRITERS v. BROWN.**

**No. 10293.**

Court of Civil Appeals of Texas. San Antonio.

May 11, 1938.

Rehearing Denied June 1, 1938.

Linebaugh & Guittard, of Victoria, and Darden, Burleson & Wilson, of Waco, for appellant.

J. Russell Mount and Sam H. Peak, both of Houston, for appellee.

SLATTON, Justice.

H. F. Brown, appellee, sought a judgment against Republic Underwriters, appellant, under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. Special issues were submitted to the jury, and upon favorable answers to appellee a judgment was rendered against appellant in favor of appellee; hence this appeal.

■ The first two propositions of appellant complain of the conditional submission by the trial court of issues involving temporary total incapacity as distinguished from permanent total incapacity. The trial court submitted to the jury the issue of temporary total incapacity conditioned upon the negative answers of the jury to the issues involving permanent total incapacity. This method of submission is erroneous if the issue of temporary total incapacity was raised by the pleading and proof. Texas Indemnity Ins. Co. v. Thibodeaux, Tex.Com. App., 106 S.W.2d 268. After careful consideration of the evidence as pointed out in appellant's brief, together with the evidence contained in the statement of facts, we are of the opinion that the issue of temporary total incapacity was not raised by the evidence. Appellee's evidence, among other things, showed that he was injured within the course of his employment, and that such injuries were total and permanent. Appellant's evidence tended to show that appellee's condition was the result of a previous disease and was caused by a previous injury, and at most such injuries produced only partial disability. There is no evidence that such injuries were only temporary. Issues involving partial disability were unconditionally submitted and affirmative defenses as raised by the evidence were submitted to the jury and answered adversely to the appellant. In this condition of the evidence no error is shown. Traders & General Insurance Co. v. Peterson, Tex.Civ.App., 87 S.W.2d 322, and cases following.

158

By the third and fourth propositions appellant complains of the manner of placing the burden of proof in the submission of the issues involving partial incapacity. The appellee pleaded partial incapacity in the alternative, and pursuant thereto the trial court submitted appropriate issues embracing the alternative plea. The appellant objects in the following language: "For the reason that the same improperly places the burden of proof on defendant, whereas same should be on the plaintiff." No request was made by the appellant to submit the issues defensively. In this there was no error. Texas Emp. Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, writ granted upon other grounds.

By the fifth proposition the appellant complains of the action of the trial court in overruling its objection to the trial court's definition of the term "partial incapacity." The trial court defined the term as follows: "By the term partial incapacity as used herein means an incapacity of an employee by reason of an injury in the course of his employment so incapacitating him that he is not able to perform the tasks of his regular employment, but is able to secure and retain employment reasonably suited to his incapacity and physical condition at wages less than what was paid him before his injury."

The appellant objected to the definition for the reason that the same placed a more onerous burden on defendant than required by law, in that the same instructs the jury that if plaintiff's wages are less after his incapacity or injury begins, that he is partially disabled or incapacitated, and, in effect, the jury is instructed thereby that the amount of wages is the determining factor, and that the amount of wages is what determines partial incapacity. We are of the opinion that the definition given by the trial court is subject to the objection of the appellant.

In the present case the definition as given by the trial court is subject to the objections pointed out in the case of United States Fidelity & Guaranty Co. v. Baker, Tex.Civ.App., 65 S.W.2d 344, and was therefore prejudicial error.

Under our compensation statutes liability to pay compensation for partial incapacity exists where the employee is partially incapacitated for work as distinguished from his regular employment. It is our opinion that the definition given by the trial court was more onerous upon the appellant than

is required by the statutes. 45 Tex.Jur. pp. 578 and 581, and authorities there cited.

Finally the appellant complains of prejudicial argument on the part of counsel for appellee. In the bill presenting such error the trial court qualified the bill by showing that such argument was in answer to the argument made by the attorneys for appellant. The bill as qualified does not present reversible error. In view of the fact that such argument will not likely be made upon another trial, we do not deem it necessary to make a full discussion of it.

For the error pointed out, the judgment of the trial court is reversed and remanded for another trial.