ANDERSON v. LOVELACE.

No. 33820.  Sept. 26, 1950.

Rehearing Denied Nov. 14, 1950.

*223 P. 2d 1085.*

Criswell & Criswell, of Wewoka, and A. E. Pearson, of Oklahoma City, for plaintiff in error.

Hugh M. Sandlin, of Holdenville, and A. C. Kidd, of Wewoka, for defendant in error.

GIBSON, J. The parties will be referred to as they appeared in the trial court, inversely to their order here.

The car of plaintiff and that of defendant were both going in the same direction on the highway, the car of plaintiff being in front. When plaintiff's car was making a left turn the defendant's car collided with it, resulting in the damage complained of. The action was tried to the court without a jury, and plaintiff was awarded damages in the sum of $835, from which defendant appeals.

As grounds of error it is alleged that the court erred in overruling defendant's demurrer to plaintiff's evidence and erred in applying the measure of damages.

Since the judgment must be reversed and the case remanded for a new trial on account of an improper measure of damages being applied, we deem it unnecessary to consider the first ground.

Touching the matter of damage sustained there is alleged in the petition:

" . . . and that by reason of said accident and wrongful acts of the defendant, the truck of the plaintiff's was so demolished and damaged that the cost of repair was approximately $850.00, and that portions of the plaintiff's truck can never be repaired or placed back in the same condition it was in before the accident and that plaintiff has suffered permanent damage to his truck in the sum of $200.00."

The alleged irreparable character of the injury is sustained by the evidence.

F. O. Wilcox, an experienced mechanic, who made repairs on this car, testified as follows:

"Q. How many times during the last twelve months has this truck been in your garage? A. Numerous times; I don't know how many."

"Q. Have you been able to repair this truck completely and satisfactorily? A. No, sir.

"Q. Why? A. Something damaged the truck or sprung the frame until when you put drive shafts, universal joints or bearings, they will last 250 to 500 miles and go out again.

"Q. In your experience, will that happen to an old truck that's never been in an accident? A. Nothing like that."

The witness further testified that a new frame for the car could not be obtained at the time of the accident.

Plaintiff expended approximately $850 for what is termed the initial cost of repairs. Thereafter he sustained from time to time the cost of replacing the parts previously installed. Such replacement was necessary because such parts lasted only a short time due to said condition of the frame. It is for said initial cost that plaintiff asks judgment for direct damages and it is on account of the recurring costs since that he asks judgment for permanent damage. The basis of the court's determination that $835 reflects the measure of damages is not shown.

The situation here comes within the rule of Missouri Pacific R. R. Co. v. Qualls, 120 Okla. 49, 250 P. 774, as follows:

"Where the injured property is neither totally destroyed nor capable of being repaired, but has a salvage value after such injury, which salvage value is greater than the cost of removing and saving it, the measure of damage is the difference between its value at the place immediately before and immediately after the injury, together with interest."

The value of the automobile immediately before and that immediately after the accident is not established by the evidence, and therefore the amount of damage to plaintiff's truck cannot be ascertained from the evidence.

Judgment reversed and cause remanded for a new trial.

ARNOLD, V.C.J., and CORN, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.