**OKLAHOMA NATURAL GAS CO.**
v.
**CONCHO CONST. CO., Inc.**

**CONCHO CONST. CO., Inc.**
v.
**OKLAHOMA NATURAL GAS CO.**

Nos. 4712, 4713.

United States Court of Appeals,
Tenth Circuit.

Dec. 21, 1953.

Rehearing Denied Feb. 2, 1954.

Paul Pinson, Tulsa, Okl. (Carlson, Lupardus, Matthews & Holliman, Tulsa, Okl., on the brief), for appellant and cross-appellee.

Russell F. Thompson, Oklahoma City, Okl. (Monnet, Hayes & Bullis and A. E. Pearson, Oklahoma City, Okl., on the brief), for appellee and cross-appellant.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is the second appearance of this case in our court. See Concho Construction Company, Inc., v. Oklahoma Natural Gas Company, 201 F.2d 673. There we reversed the judgment appealed from and remanded the case for trial upon the issues.

The facts out of which this controversy arose are set out in detail both in the majority and minority opinions, as reported in 201 F.2d 673, and in the interest of brevity they are hereby adopted as the facts of this case. The loss, for which recovery was sought and had, occurred when an employee of Concho Construction Co., herein called Concho, while using a bulldozer to stop a fire and build a fire break on what appeared to be the right-of-way of Highway No. 66 but which in fact was private property, although located on the highway side of the fence, struck a riser in a gasoline transmission line, which had been placed thereon by the Oklahoma Natural Gas Company, herein called Oklahoma, and which was located a few inches below the surface of the ground, with the blade of his bulldozer, causing a fire resulting in damage to the tractor. The majority of our court held that when an owner so maintains his land abutting upon the highway as to indicate and lead the public to believe that it is part of the highway he impliedly invites those lawfully upon the highway to use such land and that such users are not trespassers. We further held that the owner of the land abutting a public highway owes a duty to keep it from being a source of danger to the public or to travelers thereon and to lawful users of the highway. We further held that a gas company maintaining a natural gas transmission pipeline

under contract with the owner, upon what appeared to be highway right-of-way, likewise owed a duty to the operator of the bulldozer engaged in building a fire break along the highway to use reasonable care not to maintain dangerous conditions which might be injurious to him. In light of these principles, the majority held there was an issue of fact as to the liability of Oklahoma for the submission of the case to the jury and remanded it for trial on the issues. Upon remand the jury trial resulted in a verdict and judgment for Concho, from which this appeal is prosecuted.

The principles of law laid down by the majority opinion on the former appeal became the law of the case. Oklahoma conceding this nonetheless urges us to reconsider, as we may, our former decision. It again urges that the principles enunciated by the majority, as outlined above, are erroneous and asks us to give further consideration to its argument in support of its contentions. It is sufficient to say that the majority of the court adheres to the principles laid down in our former decision and that only those assignments relating to alleged errors arising out of the trial of the case will be considered.

Only two questions are presented with respect to errors during the trial. These are set out in assignment of error No. 7. One relates to the instructions of the court and the other to the erroneous admission of evidence. We think the court's instructions are clear, free from ambiguity and entirely consistent with the established law of the case. Summarizing these instructions, the court told the jury that under the law of the case when an owner of land abutting upon a public highway so maintains it as to indicate and lead the public to believe it is a part of the highway he impliedly invites those lawfully upon the highway to drive thereon and use it and that because thereof the owner owed a duty to keep the land in reasonably safe condition and that Oklahoma, which had acquired from the owner the right to lay its pipelines on the land in question, was likewise governed by these rules. The court told the jury that it was the duty of the gas company to use reasonable care not to maintain a dangerous condition which might be injurious to lawful and customary users of the public highway. He told the jury that it was incumbent upon them to determine from the evidence and from their common knowledge and experience the following questions. (a) Was the situation at the time and place referred to in the evidence such that the driver of the bulldozer or his superior was justified in assuming that the property two feet outside the fence was a part of the highway for purpose of travel? and (b), was the use intended by Concho and its bulldozer driver a lawful or an unlawful use of the highway? To aid the jury in answering the first question, the court told them there was no law requiring the fencing of state or county highways and that the fence was a private fence which the owner had a right to put up any desired place on his property or omit entirely and the presence of the fence was neither legally or customarily an indication of the boundary of the property owner's premises or of the state highway right-of-way. But this does not compel the conclusion, as contended for by Oklahoma, that there was no evidence from which the jury could have concluded that Concho's driver was warranted in assuming that the fence which as there located marked the boundary of the highway. In explanation of Question (b) the court instructed the jury the question was that, whatever the motive, did the construction of the highway entitle its users to destroy the surface thereon by digging into it with a bulldozer or was it in the contemplation of all parties, the plaintiff, the defendant, the owner of the land and the traveling public, that the highway should be used only for customary traveling. The jury was asked to pass upon these questions and in light thereof determine whether the use of the highway was a contemplated use and,

therefore, a lawful use. We think the court's instructions fairly presented the issues; that they are free from ambiguity and entirely consistent with the established law of the case.

During the trial Exhibits 9, 10 and 11 were received in evidence. The record does not show whether objection was made to the introduction thereof. These exhibits related to state regulations requiring that pipelines be buried 10 to 18 inches when crossing highways, streets or roads, 24 inches where the line parallels the highway, and 36 inches below a hard surface road. At the conclusion of the court's instructions to the jury and when the jury was about to retire, Oklahoma's counsel requested a further instruction directing the jury to disregard this evidence because there was no showing that Concho's driver knew of these regulations. The court in the presence of the jury stated: "I think this. They are not applicable, but for another reason. They apply specifically to the highway and unless it is shown that this was on the highway they would not apply.", to which Oklahoma's counsel replied as follows: "And it is agreed the other wouldn't, so I think they should have an instruction on that." No instruction other than the statement of the court in the presence of the jury was given and no exception was taken by counsel to the refusal or the failure of the court to give a more positive or direct instruction. We do not consider whether the exhibits were inadmissible for all purposes. The oral statement by the court in the presence of the jury if heard by it, and there is no showing that the remarks were not heard, had the force and effect of an instruction. Furthermore, no exception was taken to the failure of the court to instruct the jury in more positive or direct terms and in the absence of an exception error may not be predicated upon the court's refusal to give a more formal or positive instruction for the first time on appeal.[1]

Number 4713.

In this case Concho has appealed from the action of the trial court awarding interest only from date of judgment. Concho contends it was entitled to interest from the date of the accident. Not much need be said with respect to this contention. It is the general law as well as the statutory law of Oklahoma [2] that where damages are certain or capable of being made certain by calculation one is entitled to interest from date of the injury. But there was nothing definite or certain with respect to the damages in this case. While the tractor was damaged beyond repair, it did have salvage value and, as stated by Concho, in such case the rule is that the measure of damage is the difference between its value at the place immediately before and immediately after the injury. But the amount of those damages was uncertain and unliquidated. It presented an issue upon which there was or well could be conflict of evidence and until those conflicts were resolved the amount would remain uncertain. The cases of Anderson v. Lovelace, 203 Okl. 549, 223 P.2d 1085, and Missouri, Pac. R. Co. v. Qualls, 120 Okl. 49, 250 P. 774, upon which Concho relies to recover interest from the date of injury are not in point with respect to the date from which interest is allowable and do not sustain its contention that under a factual situation such as this interest was allowable from the date of the injury. We think the court correctly awarded interest only from the date of the judgment.

The judgments in both Number 4712 —Oklahoma Natural Gas Company v. Concho Construction Company, Inc.— and in Number 4713—Concho Construction Company, Inc. v. Oklahoma Natural Gas Company—are affirmed.

PHILLIPS, Chief Judge, dissents in Number 4712 for the reasons stated in his dissenting opinion on the former appeal. See Concho Const. Co., Inc. v. Oklahoma Natural Gas Co., 10 Cir., 201 F.2d 673, at page 675.

---

1. Rule 51, Rules of Civil Procedure, 28 U.S.C.A.

2. Sections 6 and 7, Title 23 O.S.1951.