**Berlin ETHRIDGE, Plaintiff in Error,**

v.

**Lloyd·Gene NEUNDORF, Defendant in Error.**

**No. 36566.**

Supreme Court of Oklahoma.

May 10, 1955.

Richard E. Romang, Enid, for plaintiff in error.

Otjen, Carter & Musser, Enid, and Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

HALLEY, Justice.

This is an action by Berlin Ethridge against Lloyd Gene Neundorf to recover damages to his automobile alleged to have

occurred because of a collision between his automobile and an automobile owned by defendant.

The case was tried to a jury resulting in a verdict in favor of plaintiff for the sum of $370. Plaintiff in due time filed a motion for new trial based on the ground of inadequate damages appearing to have been given under the influence of passion and prejudice; error in the assessment of the amount of recovery in that the amount of damages awarded are too small under the evidence in the case. The motion is predicated on the 4th and .5th subdivision of Oklahoma Statutes Ann. Title 12, section 651. The motion was overruled and judgment was entered on the verdict.

Plaintiff appeals and assigns this ruling as error.

The evidence shows that on and prior to May 10, 1952, plaintiff was the owner of a 1950 automobile and that he had loaned the automobile to Mrs. Fuller and on the night of the day above mentioned, Mrs. Fuller, while driving the automobile, collided with an automobile owned and driven by defendant.

There is no controversy here as to plaintiff's right to recover. · The only issue here involved is whether the trial court erred in denying plaintiff's motion for new trial. It is plaintiff's contention that the motion for new trial should have been sustained on the second ground, namely, because of error in the assessment of the amount recovered in that the amount of recovery was too small.

The only evidence offered as to damages consists of evidence of plaintiff and a used car dealer.

Plaintiff testified that he paid approximately $1,800 for the automobile; that he owned, used and operated the automobile for about four months prior to the accident; that as a result of the accident the automobile was damaged beyond repair; that before he purchased the automobile he shopped around and priced various automobiles and was familiar with the type of automobile here involved and the value thereof; that he valued his automobile at the time of the wreck at the amount he invested in it, or approximately $1,800. After the wreck he sold the automobile for salvage for $60. It was stipulated at the pre-trial hearing that the purchaser of the salvage would testify that such was the reasonable market value of the salvage.

The used car dealer, offered by plaintiff, testified that he was engaged in that business on May 10, 1952, and for three years prior thereto. He had in his possession an official guide of the National Automobile Dealers Used Car Market; that the value of the type of used automobile here involved with the extras placed upon it, as mentioned in his testimony, if in average condition, would have been on the date of the accident about $1,600 in the retail market. He did not see the automobile involved either before or after the wreck and could not therefore testify as to the condition it was in at the time of the wreck. Plaintiff however testified that he had only used and operated the automobile for about four months prior to the wreck and no contention is made that it was not in good running condition at the time of the wreck. Defendant offered no evidence as to the value of the automobile at the time of the collision. He offered evidence tending to show that its salvage value after the wreck was from $150 to $200.

■ Under the evidence · in this case plaintiff's measure of damages is the difference between the fair market value of his automobile in the condition in which it was immediately prior to the wreck and its value thereafter. Anderson v. Lovelace, 203 Okl. 549, 223 P.2d 1085; Phoenix Ins. Co. of Hartford, Conn., v. Diffie, Okl., 270 P.2d 634.

■ Plaintiff asserts that the uncontroverted evidence shows that the value of his automobile immediately prior to the wreck was from $1,600 to $1,800, and that its salvage value thereafter was from $60 to $200, and therefore established that the damage to his automobile as a result of the wreck was at least $1,400. The verdict of the jury is in his favor for $370 and under the evidence is grossly inadequate. It is obvious that the jury in arriving at its verdict was guided by considerations

other than the evidence in the case. The trial court should have sustained plaintiff's motion for new trial because of error in the assessment of the amount of recovery in that the amount of damages recovered are too small. Kansas City M. & O. Ry. Co., v. Allums, 133 Okl. 181, 271 P. 949; Maly v. Lamerton, 113 Okl. 168, 240 P. 716; Bass Furniture & Carpet Co. v. Electric Supply Co., 101 Okl. 293, 225 P. 519; Dunlap v. Morean, 87 Okl. 30, 208 P. 773.

Judgment reversed and cause remanded for new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.