**PACIFIC EMPLOYERS INSURANCE COMPANY, Appellant,**

v.

**E. Lester FRENCH, Appellee.**

No. 15282.

United States Court of Appeals Fifth Circuit.

July 28, 1955.

Nelson Scurlock, Ft. Worth, Tex., Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Tex., for appellant.

John T. Gano, Ft. Worth, Tex., Clint A. Barham, Dallas, Tex., for appellee.

Before RIVES, Circuit Judge, and DAWKINS and DE VANE, District Judges.

RIVES, Circuit Judge.

Appellee brought this suit to recover Texas Workmen's Compensation benefits for an injury allegedly sustained by his wife, Hattie M. French, while employed by the American Manufacturing Company of Texas, at Fort Worth, Texas, on October 30, 1953. Trial to a jury resulted in a verdict and judgment in favor of appellee for 50% partial disability for a period of 150 weeks, from which judgment this appeal is taken.

Appellant in brief sets forth only two specifications of error as follows:

"I.

"Error of the Court in failing to charge the jury that for partial incapacity, if any, suffered by Hattie M. French, the plaintiff would be entitled to recover 60% of the difference between Hattie M. French's average weekly wages before the injury and her average weekly wage earning capacity during the existence of such partial incapacity.

"II.

"Error of the Court in refusing to permit the defendant to introduce in evidence paragraph V of plaintiff's original petition filed in this cause which was offered as an admission against interest."

Under its first point, appellant insists that the Trial Court failed to instruct the jury as to Hattie French's right of recovery for partial incapacity in ac-cordance with the express language of Article 8306, Sec. 11, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 8306, § 11, reading as follows:

"Sec. 11. While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages before the injury and his average weekly wage earning capacity *during the existence of such partial incapacity,* but in no case more than Twenty-five Dollars ($25) per week. * * *" (Emphasis ours.)

Actually, the Court in its oral charge instructed the jury on this issue as follows:

"In partial incapacity, in such cases, it becomes necessary to determine the extent of incapacity, and in that case the plaintiff's compensation will be equal to sixty per cent of the difference between the average weekly wage before the injury, or alleged injury, *and that of the existence of the partial incapacity afterwards,* but in no event more than twenty-five dollars per week." (Emphasis ours.)

When the jury had retired at the direction of the Court, counsel for appellant was permitted to except to the above quoted portion of the Court's oral charge, after which the Court restated its recollection of the charge given in a manner acceptable to counsel as follows:

"Mr. Scurlock:

"The defendant excepts to that part of the Court's charge in regard to partial incapacity, for the reason that the charge is vague and indefinite, and as I heard it read, was incomplete, and the Court did not instruct the jury that partial incapacity means, or it is measured by the difference between her average weekly wage before the injury and her average weekly wage earning capacity after the injury.

"The Court:

"I will read that to you and see if you heard me right.

"In compensation cases the plaintiff is only entitled to sixty per cent of the average weekly earnings, and then in no event more than twenty-five dollars a week.

"In cases of partial incapacity it becomes necessary to determine the extent of the incapacity, and in that case the plaintiff's compensation will be equal to sixty per cent of the difference between the average weekly wage before the injury *and his average weekly earning capacity during the existence of the partial incapacity,* and in no event more than twenty-five dollars a week.

"Mr. Scurlock:

"*I think that is correct.* I didn't understand it.

"The Court:

"If I accidentally jumped a line, I still believe they got it. I think I read it that way." (Emphasis ours.)

Specifically, appellant insists that the above disputed charge, admittedly never corrected by any subsequent instruction after the jury had retired, was confusing and prejudicial, in that the jury was, in effect, instructed to compute any compensation for partial incapacity found to be due "as the difference between the wages * received before the injury and *that* received after the injury" (emphasis ours), irrespective of her actual earning capacity after the injury even though it was undisputed that she was not thereafter employed.

■ We do not so construe the charge. On the contrary, it seems to us that appellant places undue emphasis on a point revealed by this record as a purely inadvertent deviation by the Trial Court from the exact statutory wording, and which we think could hardly then

have had the prejudicial effect now claimed. True, the statute makes earning capacity before and after the injury the basis for recovery, but neither the receipt of, nor failure to earn wages subsequent to an injury is conclusive on that issue. See Associated Indemnity Corporation v. Potts, 5 Cir., 164 F.2d 1002, 1005; Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 103 F.2d 513, 515. Certainly we find nothing in the authorities cited by appellant[1] which fairly support its theory that this charge actually withdrew from the jury's consideration any evidence or inferences as to Hattie French's earning capacity subsequent to her injury, even though she was not subsequently employed. Actually, we think appellant complains principally because the Court's charge was not given precisely in accord with the exact language of the statute, when substantial compliance is all that this Court and the Texas authorities require. Associated Indemnity Corporation v. Potts, supra; Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991, 994; Texas Employers Ins. Ass'n v. Hitt, Tex.Civ.App., 125 S.W.2d 323, 330. Moreover, any error here was purely technical, inadvertent, and nonprejudicial under Rule 61, Fed.Rules Civ.Proc. 28 U.S.C.A., and in any event we think counsel's original objection to the disputed charge was inadequate to preserve it for review, in view of his subsequent acceptance of the charge as correct and failure to insist upon the exact charge desired. Rule 51, F.R.C.P.; Oklahoma Natural Gas Co. v. Concho Const. Co., 10 Cir., 209 F.2d 269, 272; New York, N. H. & H. R. Co. v. Zermani, 1 Cir., 200 F.2d 240, 244, 245; Falkerson v. New York, N. H. & H. R. Co., 2 Cir., 188 F.2d 892, 896.

■ The substance of appellant's argument under its second point is that the Court erred in refusing to admit in evidence, "for impeachment purposes," that portion of appellee's original com-

1. Texas Emp. Ins. Ass'n v. Mallard, Tex. Civ.App., 192 S.W.2d 302; Republic Underwriters v. Brown, Tex.Civ.App., 117 S.W.2d 157; Plough v. Baltimore & O. R. Co., 2 Cir., 172 F.2d 396.

plaint seeking compensation for only 50% partial disability, as inconsistent with and contradicting her subsequent claim by amended complaint for total, permanent disability benefits. We think it unnecessary for us here to decide whether appellant was entitled to insist upon introducing before the jury the original complaint for such purpose, and as a so-called judicial admission against interest,[2] even though it had in effect been superseded by the amendment, for this record reveals that the error, if any, in its exclusion was harmless under Rule 61, F.R.C.P., since the Court did permit appellant to develop practically the same proof as to appellee's prior inconsistent claim via oral testimony, and, in fact, argue same to the jury over the objection of appellee's counsel, as though it had been admitted into evidence. Moreover, the jury in its verdict allowed the appellee a recovery even less than had been sought in the abandoned complaint. The judgment is therefore

Affirmed.

See, also, 218 F.2d 148.

2.   See and compare Pullman Co. v. Bullard, 5 Cir., 44 F.2d 347, 348; Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729.